UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Case No. 21-cr-0141-bhl-1

TERRENCE KISSOON,

        Defendant.

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                         Case No. 21-cr-0254-bhl-1

MICHAEL ROSS,

       Defendant.

---

**ORDER DENYING UNOPPOSED JOINT MOTION TO REASSIGN CASES**

---

      Defendants Terrence Kissoon and Michael Ross filed a joint motion (ECF Nos. 18, 8) requesting reassignment of their above-captioned cases to Judge Lynn Adelman, who presides over related cases, *United States of America v. Tomasz Bazarewicz*, 21-cr-0251-LA, and *United States of America v. Ben Sagan*, 21-cr-0255-LA. The government does not oppose the motion. (*Id*. at 1.)

      Under Criminal Local Rule 13, a criminal case may be reassigned to another judge if it is related to a lower-numbered criminal case and (1) all the defendants are the same, or the case is based on the same set of facts or offenses; (2) both cases are pending in the Eastern District; (3) the handling of both cases by the same judge is likely to result in an overall saving of judicial resources; and (4) neither case has progressed to the point where reassigning the case would substantially delay the other or reassignment to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice. Crim. L.R. 13(a).

Defendants' joint motion does not satisfy Criminal Local Rule 13. The rule requires reassignment of higher-numbered related cases to the judge to whom the lowest number case is assigned. *See* Crim. L.R. 13(c). Here, Defendants ask that the lowest-numbered case, *United States of America v. Terrence Kissoon*, 21-cr-0141-BHL, be reassigned to the judge handling the higher-numbered case. This is contrary to the rule.

The Court also notes that with respect to Defendants' argument on promoting consistency in resolution of the cases, one of the factors that a sentencing judge must consider in imposing sentence is the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6). Defendant Kissoon has already requested (*see* No. 21-cr-0141, ECF Nos. 14, 16), and this Court has agreed, to defer sentencing until after the related cases are resolved.

Accordingly, IT IS HEREBY ORDERED that Defendants' Unopposed Joint Motion to Reassign Cases (ECF Nos. 18, 8) is DENIED.

Dated at Milwaukee, Wisconsin on February 9, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge